UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VELVET J. VANDERSLICE,<br><br>                Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                Defendant. | CASE NO. 16-5293-JCC<br><br>**ORDER REVERSING AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Velvet J. Vanderslice seeks review of the denial of her application for Supplemental Security Income Benefits. The ALJ found Ms. Vanderslice last worked in May 2012; fibromyalgia, obesity, bipolar disorder NOS, panic disorder with agoraphobia, post-traumatic stress disorder, cluster B personality traits, and alcohol dependence are severe impairments. The ALJ found these impairments do not meet the Listings and that Ms. Vanderslice retained the residual functional capacity ("RFC") to perform light work subject to additional limitations. The ALJ concluded that with this RFC, Ms. Vanderslice, who has no past relevant work, is not disabled because there are other jobs in the national economy that she can perform. Tr. 19-29. The Appeals Council denied review making the ALJ's decision the Commissioner's final decision. Tr. 1.

Ms. Vanderslice contends the ALJ erred by improperly evaluating: (1) the medical evidence; (2) her testimony; (3) her RFC; and, (4) her ability to perform jobs in the national economy at step five. Dkt 9 at 1. As relief, she asks the Court to order an award of benefits or to remand the case for further administrative proceedings. *Id*. at 17. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.     Medical Evidence**

Ms. Vanderslice contends the ALJ erred in assessing the opinions of Daniel McCabe, M.D., Bryce A. McCollum, Psy. D., and Todd D. Bowely, Ph.D. Dkt. 12 at 2, 6, 7.

   *1.     Daniel McCabe, M.D.*

Examining doctor Daniel McCabe, M.D., evaluated Ms. Vanderslice in March 2012 and February 2014. Tr. 26, 332-336, 579-582. The ALJ rejected Dr. McCabe's 2012 opinion that Ms. Vanderslice would be impaired for five years because "this assessment occurred at a time in which the claimant was not in treatment for her mental complaint." *Id.* However, the ALJ erred in failing to articulate what subsequent "treatment" he relied upon to reach this conclusion. An ALJ must provide clear and convincing reasons to reject an uncontradicted examining doctor's opinion; when contradicted, the ALJ must set forth specific and legitimate reasons that are supported by substantial evidence in the record. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). Here, the ALJ provided no explanation as to what subsequent treatment diminishes Dr. McCabe's 2012 opinion. Thus the ALJ failed to provide either clear or specific reasons to reject the doctor's opinions.

The Commissioner attempts to supplement or bolster the ALJ's finding by arguing that three months after the 2012 evaluation, Ms. Vanderslice was "doing well on her medications and had little, if any mental symptoms." Dkt. 16 at 4 (citing Tr. 498). However, the Court cannot rely on post hoc arguments proffered by the Commissioner in order to affirm the ALJ. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995). Moreover, even if the Court could properly rely upon the Commissioner's argument, the Commissioner's reasoning is unpersuasive. The Commissioner relies upon a June 4, 2012, medical note that "Velvet appears largely stable in respect to her bipolar disorder." Tr. 498. However, the record shows that Mr. Vanderslice's stability was short-lived. By October 18, 2012, the same medical provider noted "Velvet appears to be destabilizing with increasing episodes of hypermania in respect to her bipolar disorder." Tr. 496. Substantial evidence therefore does not support the Commissioner's position that "treatment" Ms. Vanderslice received after Dr. McCabe examined her in 2012 undermines Dr. McCabe's 2012 opinions.

The ALJ also rejected Dr. McCabe's 2012 opinions on the grounds the doctor's test results do not support his opinions. Tr. 26. Specifically, the ALJ found:

> According to this doctor, although evidencing a labile affect and depressed mood, was fully oriented with an ability to recall three out of three words after a passage of five minutes. She followed a three-step command, spelled "world" backward and performed serial 7s.

*Id.* These findings do not undermine the doctor's opinions. Dr. McCabe opined it would be difficult for Ms. Vanderslice to maintain a job or tolerate stress because of her manic symptoms, tangential thought process, racing thoughts, delusional beliefs that she is being abused by those around her, and "self-injurious" behavior. Tr. 355. He observed she was expansive and labile, talked fast and was difficult to interrupt, often lost the train of the conversation, and would

answer questions with answers that had nothing to do with what she was asked. *Id.* These findings are mirrored in the comments he made in Ms. Vanderslice's mental status examination. Tr. 335-336. In other words, Dr. McCabe did not opine Ms. Vanderslice could not work due to cognitive deficits such as memory problems, spelling words and doing serial 7s, which he also noted in his mental status examination. *Id.* Instead he found her work limitations flowed from symptoms caused by her mental disorders―bi-polar disorder, PTSD, panic disorder and cluster B personality traits. Tr. 332-336. Accordingly, the Court concludes the ALJ's finding is not supported by substantial evidence.

Turning to Dr. McCabe's 2014 opinion, the ALJ observed that the doctor recorded Ms. Vanderslice's reports that she slept most of the day, did not make meals or clean her apartment and stayed in her bathrobe. Tr. 26, 579-582. The ALJ also noted the doctor found Ms. Vanderslice had moderate limitations in four functional areas and marked limitations in two functional areas. *Id.* The ALJ gave little weight to the doctor's opinions finding they were "out of line with the other remarks in the doctor's report." *Id.* In support of this finding, the ALJ noted the doctor stated Ms. Vanderslice was "invested in remaining impaired with little motivation to improve her symptoms," which the ALJ concluded showed that the source of Ms. Vanderslice's inability to work "lies with the absence of motivation instead of disability." *Id.* Substantial evidence does not support this finding. Dr. McCabe explained that Ms. Vanderslice's lack of motivation was a symptom of her mental health problems: specifically avoidant conduct as a defense mechanism. Tr. 582. He did not find Ms. Vanderslice was an "unmotivated" individual who had no or minimal mental health problems, as the ALJ's finding suggests.

The ALJ also rejected Dr. McCabe's opinions on the grounds that the doctor made findings that showed greater functioning. Tr. 26. The ALJ observed that the doctor found Ms. Vanderslice had a clean appearance, normal speech, pleasant and normal affect, normal thought process and orientation, normal abstract thinking, good judgment, and ability to perform serial 7s and follow three-step commands. *Id.* These findings show Ms. Vanderslice has the cognitive ability to perform some work, and may also have the ability to communicate in the work place. However, these findings do not undermine Dr. McCabe's opinion that Ms. Vanderslice was severely limited in her ability to complete a normal work day, maintain regular attendance, and perform activities within a schedule. Tr. 581. This is because these limitations flow from Ms. Vanderslice's anxiety disorder and borderline personality disorder, not her cognitive or communication abilities. Accordingly, the ALJ erred in rejecting the 2012 and 2014 opinions of Dr. McCabe.

### *2. Dr. McCollum*

The ALJ rejected the opinions of Bryce A. McCollum, Psy. D., because they were given in 2010, "some" two years before the relevant period in this case. *See* 20 C.F.R. § 416.335 (SSI benefits are available only for the time period beginning one month after application for the benefit). While an ALJ must consider all medical opinion evidence, T*ommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.2008), "[m]edical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir.2008). It was thus proper for the ALJ to discount Dr. McCollum's opinion on the grounds that it was given before the relevant period.

Ms. Vanderslice does not argue otherwise but instead contends that "Dr. McCollum's opinion is significant because it is consistent with Dr. McCabe's opinion. Dkt. 12 at 7. This

argument fails to identify what, if any, error the ALJ committed. Consistency, alone, does not require the ALJ to accept an opinion. If this were not the case, the ALJ would be required to credit the opinion of a doctor who did not examine the claimant, review the claimant's medical record, or provide any explanation for her opinion, simply because it was similar to another doctor's opinion. Ms. Vanderslice bears the burden of showing that the ALJ committed harmful error and the argument she proffers does not satisfy that burden. *See Shinseki v. Sanders*, 556 U.S. 396, 409, (2009). The Court accordingly affirms the ALJ's determination.

### *3. Dr. Bowerly*

Examining doctor Todd Bowerly, Ph.D., opined Ms. Vanderslice had some social limitations, was fairly stable on her current medications, and was cognitively stable and intact. Tr. 27, 646-653. Ms. Vanderslice contends the ALJ erred by failing to include in the RFC determination "the limitation confirmed by Dr. Bowerly, that Zyprexa was causing Vanderslice to sleep a lot. (Tr. 27, 647.)." Dkt. 12 at 8. The Commissioner correctly points out that Dr. Bowerly did not opine that excessive sleep limited Ms. Vanderslice's ability to work, but merely noted that Ms. Vanderslice reported her medication made her sleepy. Dkt. 16 at 7-8. Consequently, the ALJ did not erroneously omit from the RFC determination a limitation found by Dr. Bowerly, because the doctor never opined sleepiness was a work limitation. The Court accordingly affirms the ALJ's determination.

### *4. Other medical opinions*

Ms. Vanderslice also lists selected notes from the records of Stephen Vogt, M.D., Daniel Sager, M.D., Ryan Peterson, M.D. Nick Drakos, M.D., Sharon Smith, MS, and Jodie Ready, M.D. Dkt. 12 at 8-12. Ms. Vanderslice fails to identify any error in the ALJ's evaluation of these medical providers' notes. Instead Ms. Vanderslice argues that while the records do not
ORDER REVERSING AND REMANDING CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

include opinions regarding her functional limitations, they are consistent with the opinions of Drs. McCollum, McCabe, and Bowlery. *Id.* at 12. She further argues that if the ALJ had properly evaluated all of the medical evidence, he could have reached a different disability determination. *Id.* The Court rejects this unsupported argument. Claims that are unsupported by explanation or authority may be deemed waived. *See Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at * 2 (unpublished opinion) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Here, Ms. Vanderslice presents no explanation as to how or why the ALJ erred in assessing the opinions of the many doctors she has listed. She has thus failed to meet her burden of showing the ALJ harmfully erred.

**B.     Ms. Vanderslice's Testimony**

The ALJ rejected Ms. Vanderslice's testimony about the severity of her symptoms stating the objective medical evidence did not support her claims. Tr. 25. Ms. Vanderslice argues the ALJ erred because it is legal error: (1) to reject a claimant's testimony solely because it is not supported by objective evidence; (2) for an ALJ to reject a claimant's testimony by merely reciting the medical record; and (3) for an ALJ to cherry-pick sections of the medical record to support his determination, and disregard the rest. Dkt. 13-15. The Court rejects these arguments. As to the first two arguments, the ALJ specifically discussed portions of the medical record that he concluded undercut Ms. Vanderslice's testimony. Tr. 24-25. There is nothing improper in this as the ALJ may discount a claimant's testimony based on inconsistencies between the medical record and the claimant's allegations. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996).

ORDER REVERSING AND REMANDING CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

As to the third argument, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving all other ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court must examine the entire record, but cannot reweigh the evidence or substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Here, the ALJ concluded the medical evidence does not support Ms. Vanderslice's claims, pointing to specific findings contained in the record. Ms. Vanderslice disagrees and argues that, because the ALJ incorrectly assessed all of the medical evidence, he also erred in assessing her testimony. Dkt. 12 at 13. Ms. Vanderslice also argues, relatedly, that the ALJ's evaluation of the medical evidence improperly focuses only on certain parts of the record, and disregards other parts more favorable to her claims. *Id.*

These arguments are unpersuasive. As discussed above, except for Dr. McCabe, Ms. Vanderslice has not shown the ALJ erred in evaluating the rest of the medical evidence. As such, there is no support for Ms. Vanderslice's claims that the ALJ improperly focused on certain parts of the medical record, or improperly interpreted the medical record. Accordingly, the Court affirms the ALJ's determination to reject Ms. Vanderslice's testimony regarding the severity of her symptoms.

**CONCLUSION**

The ALJ erred in assessing Dr. McCabe's opinions. Ms. Vanderslice contends the case should be remanded for an immediate award of benefits or, alternatively, for further proceedings. Where the ALJ has committed reversible error, the Court has the discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan,* 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari,* 298

F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996)). If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded for further proceedings. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). This is the case here. The record is not fully developed because it is unclear an ALJ would be required to find Ms. Vanderslice disabled even assuming all of the limitations found by Dr. McCabe were incorporated into her RFC. Accordingly, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reassess Dr. McCabe's opinions, develop the record as needed, reassess Ms. Vanderslice's RFC if necessary and proceed to step five as appropriate.

DATED this 6th day of July, 2017.

*[signature: John C. Coughenour]*

JOHN C. COUGHENOUR
United States District Judge